## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV422-026 |
| LIBERTY COUNTY JAIL, *et al.*, | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Anthony Geno Martinson filed this 42 U.S.C. § 1983 case alleging that he had been subjected to various unconstitutional conditions while detained at Liberty County Jail. *See* doc. 1 at 7-13. The Court granted him leave to pursue this case *in forma pauperis*. Doc. 5. When he returned the required forms, however, they indicated that his average monthly deposits were inconsistent both with his prior representation and with his general allegation of poverty. *See* doc. 7-3 at 2. His Complaint should, therefore, be **DISMISSED** because his allegation of poverty is untrue. *See* 28 U.S.C. § 1915(e)(2)(A).

Martinson's original request to proceed *in forma pauperis* did not indicate that he was indigent. *See* doc. 2 at 2. It did, however, indicate that he received limited income from Social Security, had significant dependent expenses, and had access to limited funds while incarcerated. *Id.* Specifically, Martinson disclosed that his prison trust account had a balance of $4.89 and total deposits of only $186.10. *Id.* In response to the Court's Order, the custodian of his prisoner trust account disclosed that he had, in fact, received $564.15 in deposits between December 29, 2021 and February 1, 2022. *See* doc. 7-3 at 2.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an *in forma pauperis*] case at any time if the court determines that . . . the allegation of poverty is untrue . . . ." 18 U.S.C. § 1915(e)(2)(A). Once a plaintiff is proceeding *in forma pauperis* and the Court determines that the allegation of poverty is untrue, dismissal is mandatory. *See, e.g., Pinkston v. Univ. of S. Fla. Bd. of Tr.*, 2016 WL 1238713, at *2 n. 4 (M.D. Fla. Feb. 25, 2016); *Flowers v. Life University*, 2006 WL 562192, at *1 (N.D. Ga. Mar. 7, 2006) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2002)).

The fact that Martinson's account information reflects discretionary funds otherwise sufficient to pay the required filing fee shows that he does not qualify to proceed *in forma pauperis*. *See Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (litigant who "has no room and board expenses . . . and is able to spend his income on completely discretionary items" was properly denied leave to proceed *in forma pauperis*). Despite balances generally insufficient to pay the filing fee, as another court has observed, "[i]f every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of judicial time and effort." *Briand v. Florida*, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see also, Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) ("The district judge was entitled to consider [plaintiff's] own economic choices about how to spend his money, as between his filing fee and comforts purchased in the prison commissary . . ."); *Lumbert v. Ill. Dept. of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor."). The only

expenditures reflected in Martinson's account information are commissary purchases and "telephone time." Doc. 7-3 at 2.

The Eleventh Circuit has affirmed dismissal under § 1915(e)(2)(A) based on facts similar to those here. *See Martin*, 317 F. App'x at 869-70. In *Martin*, the Court noted that the plaintiff's affidavit in support of his application to proceed *in forma pauperis* indicated that 'he had $33.36 in his prison bank account." *Id.* at 870. Subsequent disclosures revealed that the plaintiff "had received a total of $1,818 in deposits" in the six months preceding the complaint, and "the average monthly deposit was $303." *Id.* at 870. The Court of Appeals affirmed the district court's dismissal. *Id.* As discussed above, Martinson's account information indicates over $500 in deposits during an approximately one-month period. *See* doc. 7-3 at 2.

Based on both Martinson's significant deposits and his spending patterns, the Court should find that his allegation of poverty is untrue and **DISMISS** this case, pursuant to 28 U.S.C. § 1915(e)(2)(A).[1]   This

---

[1] The Court notes, additionally, that Martinson stated under penalty of perjury that, on January 28, 2022, the "total deposits to [his] prison account for the past six months" totaled $186.10. *See* doc. 2 at 2. The account information flatly contradicts that assertion. *See* doc. 7-3 at 2. The Court might require Martinson to show cause why his case should not be dismissed for misrepresenting his financial information.

Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

Since the information provided by his account custodian shows that he is not indigent, his case must be dismissed and any misrepresentation is moot.

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

   **SO REPORTED AND RECOMMENDED,** this 13th day of April, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA